Argued April 10; affirmed May 15, 1945

## MARR *v.* DUNN ET AL.
(158 P. (2d) 651)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND and HAY, Associate Justices.

*Robert A. Leedy,* of Portland (Leedy & Keane, of Portland, on the brief), for appellants.

*Paul R. Hendricks,* of Salem (Hendricks & Spaulding, of Salem, on the brief), for respondent.

HAY, J.

This is a suit for an accounting. The plaintiff, in his complaint, alleged that in March, 1942, he and the defendants entered into a contract under which he agreed to do and furnish the necessary labor on defendants' farm in Polk County, for the production of a crop of grain and hay in the crop year of 1942; that, in consideration thereof, defendants agreed to pay him $5 a ton toward the expense of baling the hay and putting it in defendants' barn, and to pay him also the reasonable value of his labor in repairing and maintaining certain farm machinery. The crops to be produced were to be divided equally. Plaintiff alleged that he performed his part of the agreement, such performance resulting in the production of a crop of eighty-one tons of hay, thirty-six tons of which were baled and forty-five tons not baled; and that of the unbaled hay forty tons were placed by him in defendants' barn, and five tons were

taken by plaintiff in the field, and appropriated to his own use. The defendants thereafter sold all of the hay, except said five tons, to persons unknown to plaintiff, at prices exceeding $20 per ton. Defendants refused to settle with plaintiff, and he demanded an accounting.

The defendants, in their answer, gave a different version from plaintiff's respecting the terms of the contract, and set forth an account of their transactions with and on behalf of plaintiff, which account purported to show that he is indebted to them, over and above the credits to which he is entitled, in the sum of $671.27, for which they asked judgment.

After a hearing, the trial judge decreed in favor of plaintiff and gave him judgment in the sum of $450. Defendants appealed.

■ The case is before us to be heard *de novo*. Neither party requested specific findings of the trial judge, and accordingly he made none. Although the making of specific findings in an equity case is not mandatory, we regret that the trial judge did not make his statement of the account between these parties a part of the record herein, as his decision in respect of each individual item would have been of considerable assistance to this court, which perforce must strike an account without having had the benefit of seeing and hearing the witnesses.

The appellants contend that, at the time when the agreement was entered into, all of the farm, with the exception of fifteen acres, was already in crop; that plaintiff undertook to plow and seed the fifteen acres to barley at his own expense, except that the necessary farm machinery was to be provided by defendants; and that the crop was to be divided equally, but that plaintiff was to put defendants' share into their granary.

We think that plaintiff's version of the agreement was established by a preponderance of the evidence. It is true that, before the contract was entered into, a portion of the farm was in crop and other portions were in "volunteer" crop, but, with the evident approval of defendants, plaintiff worked the whole farm, which indicates that the whole farm was intended to be included in the transaction.

Plaintiff testified that in October, 1942, he and defendants arrived at a settlement of all matters between them, with the exception of those involving the hay crop. While defendant J. D. Dunn at first denied that any such settlement was made, he finally conceded, on cross-examination, that in the October settlement he "straightened up with the Marrs for all matters other than the hay". We shall, therefore, confine ourselves to a consideration of the handling and disposition of the hay crop.

■ There was considerable disagreement between the parties as to the amount of hay raised. Dunn testified that there were only nineteen tons of loose hay, which included three or four tons of his own hay held over from the previous year. Marr claimed that there were about sixty tons of loose hay. The complaint alleged that there were forty-five tons of loose hay, and the evidence satisfies us that there were at least that amount. Of the forty-five tons, forty tons were placed in defendants' barn, and five tons were taken by plaintiff from the field and appropriated to his own use. We accept defendants' statement of the amount of baled hay—642 bales. In our opinion, the average weight was seventy pounds to the bale, as estimated by the witness Ralph Shepard, who appeared to have been better qualified to estimate weights of hay than any of the

other witnesses. This would fix the amount of baled hay at 22.47 tons. We also accept Mr. Shepard's testimony that the baled hay was worth $20 a ton, and the loose hay, $14 a ton. It was established that the hay, before being baled, was left unshocked in the field for an unduly long period of time, and thereby deteriorated in quality. Defendants undertook to sell and to account for all hay in their hands, but, in our opinion, their accounting was unsatisfactory.

■ We fix the value of the five tons of hay, which Mr. Marr took from the field, at $20 a ton. The evidence indicated that this particular hay was of superior quality, and was worth $20 a ton in the barn. Marr having agreed to put the Dunns' part thereof into their barn, it was worth $20 a ton to them, and they should be entitled to credit at that figure for one-half of the five tons.

■ The appellants claimed that, under the agreement, Marr was to pick and harvest the cherries from their farm orchard, that he refused to do so, and that they were damaged thereby in the sum of $200. The evidence indicates, however, that the cherry crop was a failure, and we disallow the item.

Mr. Marr asserted that the Dunns owed him $5 a ton for baling and hauling the hay to the barn. Mr. Dunn conceded a credit of $84.60 for baling. Marr's testimony, in our opinion, established an agreed charge of $5 a ton in this connection, which, based upon 22.47 tons of hay baled, would amount to $112.35, for one-half of which he is entitled to credit.

Mr. Dunn alleged that Marr took from the premises six gasoline drums of the value of $5 each. Mr. Marr admitted taking two drums. This item was not included

in the October settlement, and we allow the claim in full.

The defendants claimed a number of other credits, and conceded a charge against themselves of one item of debit, none of which have anything to do with the hay crop. In our opinion, all these items were included in the October settlement.

■ The defendants charged Mr. Marr with $162.50 as his proportionate share of the cost of seeding land to oats, vetch and hay prior to the date of the agreement of the parties. The agreement, as pleaded, does not contemplate that this should have been charged against Marr and, moreover, there is no evidence to justify such a charge.

We state the account of the parties as follows:

*Items Credited to Plaintiff*

| | | | |
|---|---|---|---|
| 40 tons loose hay at $14 a ton: | | | |
| | one-half | $280.00 | |
| 22.47 tons baled hay at $20 a ton: | | | |
| | one-half | 224.70 | |
| Credit for baling | | 56.17 | 560.87 |

*Items Charged against Plaintiff*

| | | | |
|---|---|---|---|
| 5 tons loose hay at $20 a ton: | | | |
| | one-half | $ 50.00 | |
| 6 gasoline drums at $5 each | | 30.00 | 80.00 |
| Balance owing plaintiff | | | $480.87 |

■ Plaintiff, as stated, had judgment in the lower court for $450. He asks this court to award him such greater sum as the evidence will justify. As he did not appeal from the circuit court's decree, however, he is deemed to have been satisfied therewith.

The decree is affirmed, with costs.